UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 1:07-cr-00167-RMU |
| | : | |
| Brandon Hamilton, | : | Motions Hearing:   November 13, 2007 |
| | : | |
| Defendant. | : | |
| _____ | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO SUPPRESS TANGIBLE EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Suppress Tangible Evidence. In support of its opposition, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on the motion.

FACTUAL BACKGROUND

On April 11, 2007, just prior to 8:00PM, members of the United States Park Police were relayed information from a confidential informant concerning an individual in possession of a large distributable amount of crack cocaine. The informant provided the individual's name, a description of the individual's clothing, a physical location of the subject, and a description of the silver Chrysler PT Cruiser, down to the license plate, that the individual would be operating. The source also stated the vehicle was in the 200 block of V street, NE, and officers set up a surveillance of that area. During the surveillance, the government received additional information that the defendant was leaving 209 V Street with a large quantity of crack, which the informant believed would be two bags of crack cocaine. After a short delay, at 8:43PM, officers observed a subject matching the clothing description provided by the source walk from 209 V Street toward the silver Chrysler. After the

defendant climbed into the driver seat of the vehicle and shut the door, officers surrounded the vehicle. As the defendant stepped out of the car, officers observed a plastic sandwich bag containing 128 ziplocks of crack weighing 106.5 grams.

## ARGUMENT

Probable cause to search exists where in the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular case. Illinois v. Gates, 462 U.S. 213, 238 (1983). Articulating when probable cause exists is a "common sense" determination, which turns on the practical considerations of everyday life. United States v. Gilliam, 167 F.3d 628, 633 (D.C. Cir.) (citing Gates, 462 U.S. at 231) (quotations omitted), cert. denied by Gross v. United States, 526 U.S. 1164 (1999).

The Park Police officers stopped the defendant as the result of a tip relayed to them from a confidential informant. The Court should consider all data available to the government relevant to the probable cause determination, including that the informant provided particularly reliable information. Gates, 462 U.S. at 233 (rejecting in consideration of probable cause so-called Aguilar-Spinelli "prongs" test requiring both informant's reliability and basis for knowledge in favor of totality of circumstances analysis). The informant was in the position to provide personal details about the defendant, including the defendant's name, his clothing, his physical location, and a description of his specific vehicle, down to the license plate. The informant provided real or near real time information about the defendant, including the defendant's present location and that the defendant was leaving that location. When the defendant exited 209 V Street, the defendant implicitly confirmed the location noted by the informant, as well as the additional details about his clothing and physical description. In

particular, the defendant implicitly confirmed that he had access to the vehicle from which the contraband at issue in this case was seized when he, noticeably to officers, used a remote key device to unlock and enter the vehicle.

Further, the informant is not anonymous – the informant has a history of providing information to the government about criminal matters, which information has been repeatedly corroborated by other evidence. The officers had no reason to view his information as untrustworthy. The informant's reliability, in conjunction with corroboration of contemporaneous details, was sufficient for the officers to have probable cause that the informant was accurately indicating the defendant was in possession of contraband. United States v. Riley, 351 F.3d 1265, 1268 (D.C. Cir. 2003) (probable cause found with reliable informant's tip with corroboration limited to contemporaneous innocent details).

Accordingly, defendant Hamilton's Motion should be denied.

## CONCLUSION

WHEREFORE, defendant Hamilton's Motion to Suppress Evidence should be denied.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney


By: _____
     Jeff Pearlman
     Assistant United States Attorney
     D.C. Bar No. 466901
     555 Fourth Street, N.W., Room 4231
     Washington, D.C. 20530
     (202) 353-2385

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition was served by the Electronic Case Filing system and first-class United States mail, postage prepaid, on counsel for Defendant:

        Shawn Moore
        Federal Public Defender
        625 Indiana Avenue
        Washington, D.C. 20004

this twelfth day of September, 2007.

                                      _____
                                      Jeff Pearlman
                                      Assistant United States Attorney